COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2003 Session

## STATE OF TENNESSEE v. TERRY WAYNE LUNA

**Appeal from the Circuit Court for Warren County**
**No. F-8040     Charles D. Haston, Judge**

_____

**No. M2001-02752-CCA-R3-CD - Filed February 26, 2003**

_____

The Defendant, Terry Wayne Luna, was convicted by a jury of aggravated sexual battery. He was sentenced to twenty years in the Department of Correction. In this direct appeal, he argues that the trial court erred in overruling his motion for a mistrial because the Defendant was unduly prejudiced by a non-responsive answer to a question asked by defense counsel on cross-examination. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Aubrey Harper, McMinnville, Tennessee, for the appellant, Terry Wayne Luna.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Dale Potter, District Attorney General, for the appellee, State of Tennessee.

### OPINION

Following a jury trial, the Defendant was convicted of one count of aggravated sexual battery committed against his former step-daughter. At the time of the offense, the eleven-year-old victim and the forty-year-old defendant resided in the same household . The evidence presented by the State established that the Defendant entered the victim's bedroom late one evening. He asked her to tell him in explicit terms that she wanted to engage in sexual intercourse and have oral sex with him. He fondled her breasts and rubbed his hand between her legs. After the victim began crying, the Defendant left the room. The victim immediately reported the incident to her brother and also reported the incident to her mother that night as soon as her mother returned home from work. The victim's mother testified that the Defendant told her that everything the victim said was true. In addition, the Defendant gave a written statement to law enforcement officers in which he stated that he had been smoking marijuana and taking some pills prior to the time he went to the victim's room. He stated he lost control, started talking to her in a sexual nature, and suggested that she have sex

with him.  In the statement he also admitted that he touched the victim on her breast, but said that he did not remember touching her anywhere else.

During trial, the victim's brother testified concerning the night that the victim told him that she had been sexually assaulted by the Defendant.  During defense counsel's cross-examination of this witness, the following exchange took place:

QUESTION:  And did you ever know of any other sexual type episodes that took place?
ANSWER:  One night we were at the bowling alley and it was me and [the Defendant] and one of my other brothers and sister, and mom came in there and took me and my brothers and sister and drug us outside and was cussing [the Defendant] and said she found a notice where he had molested one of his other sons or something like that.  I don't know, but I believe that's what it was.  I'm not for sure.

Defense counsel objected to the question as "non-responsive."  The trial judge sustained the objection and immediately advised the jury to disregard the answer.  Defense counsel then stated to the witness "my question to you was do you know of any other episodes with [the victim] and [the Defendant]?  The witness answered "no."  The Defendant subsequently moved for a mistrial, asserting that the initial answer by the witness was unresponsive, damaging to the Defendant, and prejudicial to the extent that a mistrial was warranted.  The trial court denied the motion for a mistrial.  The sole issue presented in this appeal is whether the trial court erred in refusing to grant the Defendant a mistrial based upon the witness's alleged non-responsive and prejudicial answer to the question posed by defense counsel.

Before we address the merits of the issue, we must note that the brief filed on behalf of the Defendant cites no authority to support his argument that the trial court erred by not granting a mistrial.  The brief does not refer to a single statute, case, rule, or any other authority in support of his request for relief.  Because the Defendant has failed to cite authority to support his argument, the issue is waived. See Tenn. Ct. Crim. App. R. 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988).

Nevertheless, we will briefly address the merits of the Defendant's argument.  A mistrial should be declared only when there is a manifest necessity which requires such action.  See State v. Millbrooks, 819 S.W.2d 441, 443 (Tenn. Crim. App. 1991).  The decision to grant a mistrial is within the sound discretion of the trial court, and this Court will not disturb the trial court's determination unless a clear abuse of discretion appears on the record.  See State v. McPherson, 882 S.W.2d 365, 370 (Tenn. Crim. App. 1994).

In reviewing a trial court's decision denying a mistrial, this Court recently stated:
When determining whether a mistrial is necessary after a witness had injected improper testimony, this court has often considered: (1) whether the improper testimony resulted from questioning by the State, rather than having been a gratuitous

declaration; (2) the relative strength or weakness of the State's proof; and (3) whether the trial court promptly gave a curative instruction.

State v. Paul Hayes, No. W2001-02637-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 1043, at *11-12 (Jackson, Dec. 6, 2002).

Here, we note that the testimony complained of resulted from a question asked by defense counsel, the proof presented by the State was relatively strong, and the trial court promptly gave a curative instruction. In addition, at the conclusion of all of the proof, the trial court instructed the jury as follows:

> I would like to think everything we do here is important to the administration of courts and justice. Some things are essential. One thing is, when I ask you to disregard an answer by a witness or even a question asked, but especially when I ask you to disregard an answer, you must do exactly that. Whatever that answer is, you cannot consider it in any way, nor let it play any part whatsoever in the determination of your verdict.
> Do you understand what the emphasis I'm placing on that because I especially want you to? We don't want to commit error here that might result in the reversal of the case. I'm being especially interested in telling you once again to disregard any answer or question that I told you to.

We must presume that the jury followed the trial court's emphatic instructions not to consider the witness's inappropriate statement. See State v. Smith, 893 S.W.2d 908, 923 (Tenn. 1994); see also State v. Woods, 806 S.W.2d 205, 211 (Tenn. Crim. App. 1990).

Accordingly, we conclude that the trial court did not abuse its discretion in denying the Defendant's motion for a mistrial. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE